UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRITZ PIERRE,

        Plaintiff,

v.                             Case No:  2:14-cv-133-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## OPINION AND ORDER

Plaintiff Fritz Pierre appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability and Disability Insurance Benefits ("DIB") and supplemental security income ("SSI").   For the reasons discussed herein, the decision of the Commissioner is reversed and this matter is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four.

### I.    Issue on Appeal

The sole issue on appeal is whether the Administrative Law Judge ("ALJ") appropriately considered the rating decision of the Department of Veterans Affairs ("VA").   Specifically, Plaintiff alleges that the ALJ failed both to assign great weight to the VA rating decision and properly analyze the evaluations leading to the VA's decision.

### II.    Procedural History and Summary of the ALJ's Decision

On September 14, 2010, Plaintiff filed an application for a period of disability,

DIB and SSI, alleging he became disabled and unable to work on March 30, 2010. Tr. 131-34, 135-41.   The Social Security Administration ("SSA") denied his claim initially on November 8, 2010 and upon reconsideration on February 18, 2011.   Tr. 95-97, 99-101; Tr. 107-08, 110-11.   Plaintiff then requested and received a hearing before ALJ Larry J. Butler on June 7, 2012, during which he was represented by an attorney.   Tr. 113; Tr. 57-82.   Plaintiff testified at the hearing.

On August 30, 2012, the ALJ issued a decision finding that Plaintiff is not disabled and denying his claim.   Tr. 24-41.   The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2014. Tr. 29.   At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 30, 2010, the alleged onset date ("AOD").   *Id.*   At step two, the ALJ determined that Plaintiff had the following severe impairments: back disorder (discogenic and degenerative), schizophrenic paranoia and major depression.   Tr. 30. At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."   *Id.*   The ALJ expressly considered whether Plaintiff met the requirements of Listings 12.03, 12.04 and 12.09.   *Id.*

Taking into account the effects from all of Plaintiff's impairments, the ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to:

> lift 50 pounds occasionally and 25 pounds frequently, stand
> and/or walk about 6 hours out of an 8 hour day and sit
> about 6 hours out of an 8 hour day with unlimited
> push/pull,   frequent   climbing,   balancing,   stooping,

> kneeling, crouching and crawling.   Claimant is able to
> perform simple, routine repetitive tasks on a sustained
> basis, relate to supervisors and coworkers and complete a
> normal workweek without excessive interruptions from
> psychologically based symptoms.

Tr. 31.   The ALJ found that Plaintiff's medically determinable impairments

reasonably could be expected to cause the alleged symptoms, but his statements

concerning the intensity, persistence and limiting effects of the symptoms were not

credible to the extent they were inconsistent with the ALJ's RFC assessment.   Tr.

33-34.

The ALJ then found that Plaintiff was not capable of performing any of his

past relevant work ("PRW") as a United States postal worker, store detective, or

laborer.   Tr. 35.   The ALJ determined that although Plaintiff's RFC precludes the

full range of medium work, Plaintiff's "additional limitations have little or no effect

on the occupational base of unskilled medium work."   Tr. 36.   The ALJ consulted

the Medical-Vocational Rules and determined that Plaintiff is not disabled and

denied his claim.   *Id.*

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals

Council, which was denied on January 10, 2014.   Tr. 1-6, 7-8.   Accordingly, the

ALJ's August 30, 2012 decision is the final decision of the Commissioner.   Plaintiff

filed an appeal in this Court on March 7, 2014.   Doc. 1.

## III.   Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any

substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to either result in death or last for a

continuous period of not less than twelve months.    42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).    The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.    *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.    *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.    *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).    The Commissioner's findings of fact are conclusive if supported by substantial evidence.    42 U.S.C. § 405(g).    Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."    *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.    *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).    "The

district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV.   Discussion

Plaintiff contends that the ALJ erred by failing to properly analyze the VA's 70% disability rating and the evaluations prompting that decision and by failing to accord the VA's rating great weight.   The Commissioner asserts that the ALJ did not err in this case because the ALJ implicitly discounted the VA's disability rating. Doc. 28 at 6.   The Commissioner also contends that "[r]emand for the ALJ to further consider the VA's decision would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources." *Id.* at 7.

The Regulations governing the SSA provide that a decision by another governmental agency about whether a claimant is disabled is not binding on the Commissioner because it is not based on social security law.   20 C.F.R. § 404.1504. The Social Security Rulings, however, explain that such a decision cannot be ignored:

> [E]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.
>
> These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) . . . .

SSR 06-3p, 2006 WL 2329939, at *6-*7.

The Eleventh Circuit also has held that the VA's disability rating is evidence that should be considered and given great weight.   *See, e.g.*, *Brady v. Heckler*, 724

F.2d 914, 921 (11th Cir. 1984) (quoting *Olson v. Schweiker*, 663 F.2d 593, 597 n.4 (5th Cir. 1981)).   Ordinarily, the ALJ must state with particularity the weight assigned to medical opinions and the reasons therefor.   *Lacina v. Comm'r of Soc. Sec.*, --- Fed. Appx. ----, 2015 WL 1453364, at *5 (11th Cir. Apr. 1, 2015) (quoting *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987)).   The Eleventh Circuit previously held that an ALJ may *implicitly* address a VA disability rating.   *See Kemp v. Astrue*, 308 Fed. Appx. 423, 426 (11th Cir. 2009).   Thus, the Court must determine whether the ALJ employed the proper legal standards, either implicitly or otherwise.

As Plaintiff claims, the ALJ's discussion of the VA disability rating and award is brief.   *See* Doc. 27 at 6.   In fact, the extent of the ALJ's acknowledgement of the VA's disability determination is as follows: "On February 14, 2011, a Rating Decision from the [VA] noted that service connection for depression had been granted with an evaluation of 70% disabling based on medical evidence stating that depression was related to military service."   Tr. 33.   The ALJ then explained that he "considered a notice of award of 70% disability by the Veteran's Administration" and stated "[a]lthough this is not substantiated, nonetheless the undersigned notes that claimant was not found totally disabled."   Tr. 35.

Plaintiff argues that "[s]uch a vague statement, rejecting a Plaintiff's VA disability rating without any true analysis of the basis for the VA rating, is precisely the type of statement previously rejected in this District."   Doc. 27 at 6 (citing *Hogard v. Sullivan*, 733 F.Supp. 1465, 1469 (M.D. Fla. 1990) and *Gibson v. Comm'r of Soc. Sec.*, 725 F.Supp.2d 1347 (M.D. Fla. 2010)).   The Commissioner correctly

notes that in the cases cited by Plaintiff the VA assigned a 100% disability rating, which the Eleventh Circuit has explained must be more closely scrutinized by the ALJ.  *See* Doc. 28 at 5 n.1 (citing *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)).  Upon review of the record and relevant case law, the undersigned is not persuaded that the ALJ applied the correct legal standards, because even in cases in which the plaintiff received a VA disability rating of less than 100%, other courts in this district have held that the ALJ must do more than address the rating and supporting evidence in passing.

In *Salamina v. Colvin*, as here, the plaintiff argued that the ALJ erred by failing to address and assign great weight to the VA's disability determination.  No. 8:12-cv-1985-T-23TGW, 2013 WL 2352204 (M.D. Fla. May 29, 2013) (order adopting report and recommendation).  In *Salamina*, the plaintiff was assigned a 50% disability rating for service connected PTSD.  *Id.* at *3.  The court acknowledged that an ALJ's determination of the weight to assign a VA rating may be implicit, but still found problematic the ALJ's failure to expressly identify the rating itself, specify how much weight she assigned to the rating and engage in any evaluation of the VA's disability rating.  *Id.*

The court in *Salamina* rejected the Commissioner's contention that the ALJ did not err because she implicitly assigned great weight to the VA disability rating, stating that the Commissioner's argument would be more persuasive had the ALJ "acknowledged the VA disability rating with more than just a passing reference."  *Id.*

at *4.   Instead, the Court explained why the ALJ's minimal discussion was insufficient:

> There is not even a statement acknowledging the weight to be afforded to such ratings.   It is, therefore, impossible to determine whether the law judge simply overlooked the disability rating, or whether she gave it the appropriate consideration and weight.
>
> Moreover, it is speculation for the Commissioner to assert that the law judge gave the VA rating great weight, albeit implicitly. . . .

*Id.*   The *Salamina* court also noted that the ALJ referred to and discussed the plaintiff's VA medical records, but found that such discussion "does not substitute for consideration of the rating decision itself."   *Id.* (citing *Williams v. Barnhart*, 180 Fed. Appx. 902 (11th Cir. 2006)).   The court further found that the Commissioner's argument that the ALJ implicitly assigned the VA rating great weight was an "impermissible *post hoc* rationalization" that cannot form the basis for judicial review of an administrative decision.   *Salamina*, 2013 WL 2352204, at *4.   Accordingly, the decision of the Commissioner was reversed, and the case was remanded.

Similarly, in *Gonz v. Commissioner of Social Security*, the court determined that the ALJ's failure to meaningfully discuss the VA's disability rating warranted reversal and remand.   No. 6:12-cv-614-Orl-GJK, 2013 WL 4494313 (M.D. Fla. Aug. 20, 2013).   The plaintiff in *Gonz* argued that the ALJ's failure to evaluate, consider and give great weight to the VA's disability rating warranted reversal and remand, while the Commissioner in *Gonz*, as here, argued that the ALJ implicitly concluded the VA's decision was entitled to little weight, and a remand to consider the VA's disability determination would serve no practical purpose, would not change the

ALJ's findings and would be a waste of judicial and administrative resources. *Id.* at *2. In that case, as here, the ALJ acknowledged the VA's disability rating of 80%, but cited the Regulations for the proposition that another agency's determination is not binding on the Commissioner because it is not based on Social Security rules. *Id.* The court noted that the ALJ did "not otherwise address, evaluate, and/or weigh" the VA's rating decision or summary of benefits letter. *Id.*

The court in *Gonz* explained that "the ALJ mentions the VA's disability rating and decision only in passing, cites to the regulations stating that such decisions are not binding, and does not engage in any meaningful evaluation of the VA's decision." *Id.* at *3. The court then discussed at length the *Salamina* decision, which it found "highly persuasive and more analogous" to the *Gonz* case than the Eleventh Circuit's *Kemp* decision. *Id.* at *4. Ultimately, the court in *Gonz* concluded that reversal was warranted because "[a]lthough the ALJ mentions the VA's disability rating in passing, the ALJ's decision does not state the weight provided to it and wholly fails to provide any evaluation of the VA's decision." *Id.* The court further noted that the ALJ's statement that other agencies' disability determinations are not binding "strongly suggests that the ALJ was entitled to ignore the VA's decision or did not think an evaluation thereof was required." *Id.* The court therefore rejected the Commissioner's argument that the ALJ properly considered the VA's determination and implicitly gave it little weight. *Id.*

In *Herrera v. Astrue*, the court also determined that the ALJ's failure to adequately address the VA's disability determination warranted reversal and

remand.    No.  3:10-cv-293-J-JBT,  2011  WL  816797  (M.D.  Fla.  Mar.  2,  2011).

Although in that case the VA assigned the plaintiff a 100% disability rating, the court

determined that the ALJ's failure to state the weight given to the rating, include it

in his analysis and explain why the rating was not entitled to great weight required

reversal.    *Id.* at *1.    Similar to this case, there the court noted that the ALJ

mentioned the 100% disability rating in his opinion, but only in the context of

summarizing the plaintiff's hearing testimony.    *Id.* at *4.    The court stated that the

ALJ's failure to discuss the VA rating suggested the ALJ did not consider it or

attribute it great weight, as required.    *Id.*    Moreover, the court found the facts of

*Herrera* distinguishable from *Kemp*, because in *Kemp* the ALJ "continuously"

referred to the VA rating throughout his analysis and gave specific reasons why the

VA's determination did not meet certain Social Security criteria, but in *Herrera* the

ALJ "failed to analyze at all the VA disability determination" and thus the court

found the ALJ's mere "passing reference" was "clearly distinguishable."    *Id.*

Here, the record contains an award letter from the VA that states Plaintiff was

awarded benefits based on his claim for service connected compensation beginning

July 1, 2010.[1]    Tr. 745-51.    The VA award letter discusses in detail examination

results from Bay Pines VA Healthcare System, dated December 21, 2010.    *Id.*    The

letter includes the examiner's observations that Plaintiff appeared cooperative but

guarded, with a flattened effect; his orientation to person, time and place was intact;

---

[1] Specifically, the VA's decision states: "Service connection for depression (bipolar disorder) is granted with an evaluation of 70 percent effective June 18, 2010."    Tr. 748, 749.

his thought process, psychomotor activity and speech were unremarkable; his judgment and insight into his problems were good; and there was no evidence of delusion or suicidal thoughts. *Id.* at 750.

The letter also notes, however, that Plaintiff's thought content was unremarkable, but with paranoid ideation; there was evidence of daily sleep impairment, persistent auditory hallucinations, obsessive/ritualistic behavior, panic attacks, episodes of violence with manic state and homicidal thoughts, but no plan or intent. *Id.* Plaintiff also was noted to have poor impulse control, but normal memory. *Id.* The letter also highlighted the examiner's observations that Plaintiff was unable to relax during the interview and had some physical symptoms, such as difficulty breathing, heart pounding, dizziness, shaking and other "evidence of severe pessimism." *Id.* Finally, the letter noted that Plaintiff was assigned a Global Assessment of Functioning ("GAF") score of 45. *Id.*

Accordingly, the VA assigned Plaintiff a 70% disability rating, and the letter explains upon what grounds such an assignment is warranted:

> An evaluation of 70 percent is assigned for occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); inability to establish and maintain effective relationships.

Tr. 751.

Although the ALJ acknowledged the VA's 70% disability rating, he stated it was "not substantiated" and noted that the VA did not find that Plaintiff was 100% disabled.   Tr. 35.   The ALJ stated that he considered and gave "considerable weight" to the opinions of Plaintiff's treating physicians, "except where otherwise noted," because they are supported by and consistent with the medical evidence.   *Id.* Here, however, as in *Gibson*, "the 'treating physician' and the VA's disability rating are inextricably intertwined," as the only medical records of treating physicians in evidence are those from the VA.   725 F. Supp. 2d at 1351.   Moreover, it is unclear how or why the ALJ found the VA's disability determination to be "not substantiated," and thus it does not appear that the ALJ implicitly assigned the VA's disability determination great weight, as the Commissioner suggests.   Instead, the ALJ merely stated that he gave reduced weight to the opinion in Plaintiff's VA medical records that he is capable of lifting a maximum of only 20 pounds, and 10 pounds frequently.   Tr. 35; *see* Tr. 361.

Upon review of the record, the undersigned finds the facts of the present case most closely analogous with those of *Salamina*, *Gonz* and *Herrera*.   The ALJ here did not adequately address or explain his reasons for either crediting the VA rating or assigning it less than great weight, if such is the case.   Moreover, this case is further distinguishable from *Kemp,* because in that case the Eleventh Circuit found the ALJ's references to the records and rating suggested the ALJ implicitly found the rating was entitled to great weight.   308 Fed. Appx. at 426.   Here, however, the

Commissioner argues that the ALJ implicitly *discounted* the VA disability rating. Doc. 28 at 6.    Even if true, to what degree is unknown, because the ALJ did not state with particularity the weight he assigned this rating.    This is precisely what the Court found insufficient without additional explanation in *Gonz*.    *See Gonz*, 2013 WL 4494313.    Moreover, just as the court in *Salamina* found the Commissioner's argument that the ALJ implicitly assigned weight to the VA rating was an "impermissible *post hoc* rationalization" that cannot form the basis for judicial review of an administrative decision, so too does the undersigned find here.    2013 WL 2352204, at *4.    The Court therefore similarly concludes that remand is warranted here.

## V.    Conclusion

Although the ALJ's opinion states that he gave "considerable" weight to the medical opinions of record except as otherwise noted and mentions in passing Plaintiff's 70% disability rating by the VA, the ALJ also stated that the rating was "not substantiated."    It therefore is not clear whether the ALJ accorded the VA rating great weight, as required by Eleventh Circuit case law; and the ALJ's failure to explain or address in any substantive manner the VA rating and why he assigned it reduced weight renders the Court unable to determine whether the proper legal standards were applied.    The Court therefore also cannot conclude that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      The decision of the Commissioner is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for the Commissioner to employ the proper legal standard and assign great weight to the VA's disability rating, or adequately explain the reasons for finding that the rating is entitled to reduced weight; and make any further determinations consistent with this Opinion and Order, or in the interest of justice.

2.      The Clerk of Court is directed to enter judgment accordingly, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 23rd day of April, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record